IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joshua Lynn Robinson, | ) | Case No. 6:25-cv-07930-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Scotty Bodiford, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's pro se Petition. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On September 5, 2025, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return. ECF No. 11. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Petitioner filed objections. ECF No. 14.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge determined that this action is subject to summary dismissal because Petitioner has not exhausted his remedies and has not alleged exceptional circumstances sufficient to excuse this failure and, alternatively, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The Magistrate Judge determined that abstention is appropriate based upon the relevant three-part test and that there are no special circumstances present to justify federal habeas review. As noted above, Petitioner filed objections; accordingly, the Court's review has been de novo.

Upon review, the Court agrees with the Magistrate Judge that Petitioner's claims are subject to abstention pursuant to *Younger*. From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human*

*Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The first two factors are met as Petitioner is involved in ongoing state criminal proceedings and the Supreme Court has stated that the "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  With respect to the third factor, the Court also finds that it has been met in this instance.  The Supreme Court has stated "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."  *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).  Indeed, Petitioner has the opportunity to argue his position with respect to the pending motion to dismiss, the delay in his criminal proceedings, his equal protection assertion, and his argument that several federal criminal statutes have been violated in his ongoing criminal case.  Further, the Court agrees with the Magistrate Judge that Petitioner has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017) ("A federal court may disregard *Younger's* mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Accordingly, abstention is appropriate in this action.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court adopts the recommendation of the Magistrate Judge.

Accordingly, the Petition is **DISMISSED** without prejudice, without requiring Respondent to file a return, and without leave to amend.

    IT IS SO ORDERED.

                                            s/ Donald C. Coggins, Jr.
                                            United States District Judge

February 20, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.